**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KESHAUN COLLINS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) NO. 2:12-CV-347 |
| | ) (2:11-CR-138) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

This matter is before the Court on a motion to vacate, set aside, or correct a sentence by a person in federal custody for lack of subject matter jurisdiction pursuant to 28 U.S.C. section 2255, filed by Petitioner, Keshaun Collins, on August 30, 2012. For the reasons set forth below, the motion is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 11754-027), FCI-Terre Haute, P.O. Box 33, Terre Haute, Indiana, 47808, or to such other more current address that may be on file for the Petitioner.

**BACKGROUND**

On September 2, 2011, Collins was arrested on a criminal complaint charging him with being a felon in possession of a firearm in violation of 18 U.S.C. section 922(g)(1). On September 22, 2011, the Government charged Collins in a one-count indictment

with knowingly possessing a firearm which had previously traveled in interstate commerce after having been convicted of a felony offense, in violation of 18 U.S.C. section 922(g)(1).

On November 15, 2011, Collins pled guilty pursuant to a written plea agreement in a Rule 11 guilty plea hearing before this Court. Collins' signed plea agreement contained a waiver stating that:

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and *that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement*; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence imposed or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

(DE 15 at ¶ 7(d))(emphasis added). Further, Collins' plea agreement stated that he offered his plea of guilty "freely and voluntarily." (Plea Agreement, ¶ 12).

On January 27, 2012, this Court sentences Collins to 27 months imprisonment and a 3-year term of supervised release. Collins timely filed the instant Motion to Vacate under 28 U.S.C. 2255 on August 30, 2012. Collins argues that this Court lacked subject

-2-

matter jurisdiction, and therefore lacked the power to enter a judgment against him. He also claims to be a sovereign man to which the laws of the United States do not apply and a "defendant in error" due to his name being in all capitol letters. He makes other arguments related to the Trading with the Enemies Act, the Federal Rules of Civil Procedure, the Uniform Commercial Code, the Eleventh Amendment and the application of Maritime law.

On August 31, 2012, the Government filed a response in opposition to the motion and on September 12, 2012, Collins filed a reply to the Government's response. The motion is fully briefed and ripe for adjudication.

## **DISCUSSION**

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.* In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe

such pleadings liberally. *Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> [t]he mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of advocate for the pro se litigant' and may 'not rewrite a petition to include claims that we never present.'" *Id.* Here, the Court assessed Collins' claims with these guidelines in mind and has interpreted Collins' arguments to relate to venue, personal jurisdiction and subject matter jurisdiction. Collins did not present any arguments related to the assistance of his legal counsel, and as such, it will not be addressed.

Venue and Personal Jurisdiction

Collins sets forth several claims relating to being a "Defendant in Error" and a "living breathing, flesh and blood Sovereign man" who is "not subject to a Foreign state" under the "Federal Rules of Civil Procedure… as well as the 4th, 5th, 6th, 9th, 10th, 11th and 14th Amendments of the constitution [sic]." He states that "the instant case and all related matters MUST be DISMISSED WITH PREJUDICE for lack of in personum [sic], territorial, and subject matter jurisdiction, as well for improper venue…."

Unlike subject matter jurisdiction, the issues of venue and personal jurisdiction can be waived. *See e.g.*, *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004). In his plea agreement, Collins expressly waived his right to appeal and his right to contest his conviction and sentence or the manner in which his conviction or sentence was determined or imposed, including any claim of ineffective assistance of counsel unless the claim relates directly to this waiver or its negotiation, including proceeding under Title 28, United States Code, Section 2255. (DE 15 at ¶ 7(d)). The Seventh Circuit has recognized the validity of such waivers, and will enforce the waiver unless there is a claim that the plea agreement was entered into involuntarily, or that the waiver was a result of the ineffective assistance of counsel during the negotiation of the waiver. The Seventh Circuit has held that only

two claims may be raised on a section 2255 motion by an individual who waived his right to appeal: (1) the defendant received ineffective assistance of counsel in negotiation the waiver; or (2) that the waiver was not knowingly and voluntarily made. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).

In the present case, Collins does not allege that he did not understand his plea agreement or that his waiver was not knowingly or voluntarily made. Further, Collins does not allege that he received ineffective assistance of counsel in the negotiation of his plea agreement/waiver. Collins' plea agreement provided that "I… believe and feel that I understand every accusation made against me in this case," and that "I understand by pleading guilty I waive certain rights." (Plea Agreement, ¶ 2, 5). Collins made similar statements under oath at the Rule 11 plea hearing, in which he indicated that the appellate and collateral attack waiver in his signed plea agreement was knowingly and voluntarily made. *See e.g.*, *United States v. Knorr*, 942 F.2d 1217, 1220 (7th Cir. 1991) ("[R]ational conduct requires that voluntary responses made by a defendant when entering a guilty plea be binding.")

Because Collins has not alleged that he did not understand his plea agreement, or that he received ineffective assistance of counsel, this Court is satisfied that Collins voluntarily, knowingly and intelligently waived his right to seek post-conviction relief. *See e.g.*, *United States v. Davis*, 348 F. Supp.

2d 964, 966 (N.D. Ind. 2004) (finding a section 2255 waiver sufficient and ruling that the defendant knowingly and intelligently waived his right to file a section 2255 motion).

Subject Matter Jurisdiction and Territorial Jurisdiction

Collins also contends that this Court lacks subject matter jurisdiction. This argument is properly before the Court at this time as claims regarding subject matter jurisdiction can never be waived. *See e.g.*, *Moore v. Olson*, 368 F.3d 757, 759 (7th Cir. 2004) ("Defects in subject-matter jurisdiction, however, may not be waived or forfeited."). Nevertheless, Collins' argument fails.

Collins argues that "there are three different and distinct forms of the 'United States'… The Court and its officers have failed to states[sic] which United States they represent, since they can represent only one, and it is under Federal Debt Collection Procedures, as a Corporation the United States has no jurisdiction…" (DE 31 at 3). He also argues that this Court is "proceeding under maritime law, which deprives this court the lawful authority over this non-maritime offense." (DE 34 at 1). This Court has interpreted these arguments to pertain to Collins' allegation that this Court lacks subject matter jurisdiction over the matter. Such arguments are without merit. Title 18, United States Code, Section 5, defines territorial jurisdiction of the United States as "all places and waters, continental or insular,

subject to the jurisdiction of the United States, except the Canal Zone." The Seventh Circuit rejected a similar argument in *McClurkin v. United States*, 922 F.2d 843, 1991 WL 1921, at *1 (7th Cir. Jan. 7, 1991). In rejecting the argument, the Court noted that, "His argument is flawed because 18 U.S.C. Section 5 does not require that the jurisdiction of the United States be exclusive before territorial jurisdiction will attach." *Id.* Accordingly, this Court rejects Collins' arguments regarding territorial jurisdiction.

Regarding subject matter jurisdiction, it is clear that Title 18 U.S.C. section 922(g), which makes it a crime to be a felon in possession of a firearm, is a valid congressional enactment and not a violation of Congress' power under the Commerce Clause. *See e.g.*, *United States v. Lemons*, 302 F.3d 769, 722-73 (7th Cir. 2002); *United States v. Olson*, 408 F.3d 366, 372-73 (7th Cir. 2005) (both holding 18 U.S.C. section 922(g)(1) is a valid congressional enactment because it satisfies the Commerce Clause requirement of interstate nexus as the firearm must travel in interstate commerce prior to coming into possession of the defendant).

Further, Title 18 U.S.C. section 3231 defines the jurisdiction of the United States district courts (including this Court), as having: "original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United

States. Nothing in this title shall be held to take away or impair the jurisdiction of the courts of the several States under the laws thereof." *See United States v. Gonzalez*, 311 F.3d 440, 442 (1st Cir. 2002) (finding subject matter jurisdiction existed where defendant was charged in district court under a federal criminal statute.) Accordingly, this Court, as a federal district court, had subject matter jurisdiction over Collins' criminal case.

**CONCLUSION**

For the reasons set forth above, the motion filed by petitioner, Keshaun Collins, is **DENIED**. The Clerk is **ORDERED** to **DISMISS** this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner (Prisoner No. 11754-027), FCI-Terre Haute, P.O. Box 33, Terre Haute, Indiana, 47808, or to such other more current address that may be on file for the Petitioner.

**DATED: February 1, 2013**          /s/RUDY LOZANO, Judge
                                      **United States District Court**